IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jesse Yarborough, aka Jessie Yarborough, | ) ) ) | C/A No. 1:10-3192-JFA-SVH |
| Petitioner, | ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| United States of America, | ) ) ) | |
| Respondent. | ) ) | |

This matter comes before the court on a petition filed in the United States District Court for the Southern District of Florida ("Florida Court") by Petitioner Jesse Yarborough.[1] Although the petition is captioned as a "Petition for Writ of Certiorari," the Florida court docketed it as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 1651. [Entry #1]. Upon review, the Florida court determined that Petitioner was collaterally attacking the sentence he received in his underlying criminal action, *United States v. Yarborough*, Cr. No. 8:05-cr-809-GRA (D.S.C.) ("Criminal Action"). Therefore, the Florida court determined the pleading was "in legal effect a motion to vacate pursuant

---

[1] The docket does not reveal why Petitioner filed his petition in the S.D.Fla. At the time he filed his petition, Petitioner was an inmate in USP Terra Haute, Indiana. However, the Federal Bureau of Prisons (BOP) Inmate Locator website indicates that Petitioner is currently confined in the Federal Correctional Complex, in Petersburg, Virginia. *See* http://www.bop.gov/iloc2/LocateInmate.jsp (last visited May 6, 2011). The court may take judicial notice of factual information in postings on government websites. *See McCormick v. Wright*, No. 2:10-cv-00033-RBH-RSC, 2010 WL 565303 at *2, n.5 (D.S.C., February 17, 2010).

to 28 U.S.C. § 2255," resulting in the transfer of venue of the case to this court by order dated December 14, 2010. [Entry #7].

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) D.S.C., the undersigned United States Magistrate Judge is authorized to review such petitions and submit findings and recommendations to the district court. Having reviewed the petition in accordance with applicable law, the undersigned recommends that it be summarily dismissed.

I.     Factual and Procedural Background

In his underlying Criminal Action, Petitioner pled guilty on December 5, 2006 to one count of using a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). The Honorable G. Ross Anderson, United States District Judge for the District of South Carolina, sentenced Petitioner to 152 months, which was affirmed on appeal. [Criminal Action Docket, Entry #117]. On May 6, 2008, this court dismissed Petitioner's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 [*id.* at Entry #127] and denied Petitioner's two motions for reconsideration. [*Id.* at Entry #131, #137]. The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal on August 4, 2009. [*Id.* at Entry #155].

Petitioner then filed a "Petition for the Issuance of a Certificate of Appealability" [*id.*, Entry #159] on October 2, 2009, which this court construed as a notice of appeal and transferred to the Fourth Circuit. [*id.*, Entry #160]. On May 25, 2010, the Fourth Circuit

dismissed Petitioner's appeal for lack of jurisdiction because the notice of appeal was not timely filed. [*Id.*, Entry #171].

The instant petition was interpreted by the transferring Florida court as an attempt "to avoid the procedural bar against second and successive petitions by claiming actual innocence." [Entry #6]. The Florida court ordered the Petition be transferred to this court because, under 28 U.S.C. § 2255(a), such a motion must be directed to the court that imposed the sentence. [Entry #7].

II.     Discussion

   A.    Standard of Review in *Pro Se* Habeas Cases

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

B.   Analysis

In transferring this case, the Florida court determined that Petitioner's pleading is a second or successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct Petitioner's sentence. Because Petitioner captioned his pleading as a "Petition for a Writ of Certiorari," the undersigned finds it could also be liberally construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, or as a petition for writ of error coram nobis filed pursuant to 28 U.S.C. § 1651. However, under any of these three interpretations, the petition is subject to summary dismissal because this court lacks jurisdiction to entertain it.

> 1.   Second or Successive Motion to Vacate, Set Aside, or Correct Petitioner's Sentence Pursuant to 28 U.S.C. § 2255

It is well-established that, "[a]s a threshold matter . . . defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Under 28 U.S.C. § 2255(h), "a second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h)(1),(2). Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."

28 U.S.C. § 2244(b)(3)(B)–(E).

Petitioner previously filed a § 2255 motion which was denied and the denial was affirmed on appeal. Petitioner does not allege that he has obtained an order of certification from the Fourth Circuit Court of Appeals authorizing this court to consider this second § 2255 motion. No such order has been issued by the Fourth Circuit to this court. Therefore, the instant petition should be dismissed because this court lacks jurisdiction to hear a second or successive § 2255 motion filed by Petitioner.

   2.  Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

If the Petition in this case is liberally construed as seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, this court lacks jurisdiction to hear it. A habeas action filed under § 2241 is required to be filed in the district court where the prisoner is confined. "District courts are limited to granting habeas relief 'within their respective jurisdiction.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). The jurisdiction required is "that the court issuing the writ have jurisdiction over the custodian." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973); 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). The warden of the federal prison where Petitioner is currently imprisoned is the proper respondent in any § 2241 habeas action that Petitioner may be attempting to allege. The district court where the petitioner's custodian is located is the court having jurisdiction over such a request for habeas relief. Because Plaintiff is not confined in a federal prison in South Carolina, this court does not have jurisdiction to consider any § 2241 claims that Petitioner may be asserting.

   3.  Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651

The Florida Court's transfer order refers to Petitioner's pleading as an action filed under 28 U.S.C. § 1651, the All Writs Act. *See* Entry #6 at 1; Entry #7 at 1. If the petition is liberally construed as a request for a writ of error coram nobis under 28 U.S.C. § 1651, this court lacks jurisdiction to hear it. Courts have power under the All Writs Act to issue a writ of error coram nobis. *See United States v. Morgan*, 346 U.S. 502, 510

6

(1954); *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir.1988). The writ of coram nobis has been abolished in federal civil practice pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, but remains viable in the context of criminal cases where it enables a trial court to correct one of its judgments. Such relief can only be granted by the court that imposed the judgment, *Thomas v. Cunningham*, 335 F.2d 67 (4th Cir. 1964), and may only be issued where an error of the most fundamental character compels such action to achieve justice after the sentence has been served and where no alternative remedy is available. *Mandel*, 862 F.2d at 1075.

A prisoner in custody is barred from seeking a writ of error coram nobis. *See United States v. Brown*, 117 F.3d 471, 475 (11th Cir.1997) (holding that coram nobis relief is not available to a prisoner in custody); *United States v. Little*, 608 F.2d 296, 299 n. 5 (8th Cir. 1979), *cert. denied*, 444 U.S. 1089 (1980) ("Coram nobis lies only where the petitioner has completed his [or her] sentence and is no longer in federal custody, is serving a sentence for a subsequent state conviction, or has not begun serving the federal sentence under attack").

In the instant action, coram nobis relief is not available to Petitioner because he: (1) remains incarcerated on the challenged sentence; and (2) has failed to establish that § 2255 is ineffective and inadequate to test the legality of his detention. *See Antley v. United States*, C/A No. 3:08-533 DCN, 2009 WL 2707426 at *4 (D.S.C. June 11, 2009) (citing *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) ("[I]f Congress has forbidden federal prisoners to proceed under 2241 even when 2255 is closed to them - then it would

be senseless to suppose that Congress permitted them to pass through the closed door simply by changing the number 2241 to 1651 on their motions.")). Therefore, to the extent that this action can be construed as a petition seeking relief pursuant to § 1651, the petition is also subject to summary dismissal.

III.    Conclusion and Recommendation

Accordingly, it is recommended that the instant petition be dismissed without prejudice and without issuance and service of process upon respondent.

IT IS SO RECOMMENDED.

*[signature]*

June 3, 2011                                             Shiva V. Hodges
Florence, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**