IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jesse Yarborough, aka Jessie Yarborough, ) | C/A No. 1:10-3192-JFA-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

    This matter was initially filed in the Southern District of Florida and transferred to this court. The petitioner, Jessee Yarborough, has filed what is styled a "Petition for Writ of Certiorari" which attacks his underlying criminal conviction in this District for using a firearm during and in relation to a drug trafficking crime.

    Pursuant to the standard procedures in this court, the matter was referred to the United States Magistrate Judge.[1] The Magistrate Judge has filed a detailed and comprehensive Report and Recommendation (Report) suggesting that the action should be dismissed. Petitioner was advised of his right to file objections to the Report and he has done so in a two-page objection memorandum.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

After carefully considering the Report and the petitioner's objections thereto, the court concludes that the Magistrate Judge's recommended disposition is correct. Accordingly, the court will dismiss this action.

Following petitioner's guilty plea in December 2006, the Honorable G. Ross Anderson, Jr., the United States District Judge to whom this matter was originally assigned, sentenced the petitioner to 152 months. The conviction and sentence were affirmed on appeal.

On May 6, 2008, this court dismissed the petitioner's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. The court also denied the petitioner's two motions for reconsideration of that order. The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed petitioner's appeal on August 4, 2009. Petitioner made one additional effort at taking an appeal to the Fourth Circuit, but that court denied petitioner's appeal for lack of jurisdiction because the notice of appeal was not timely filed.

The Magistrate Judge indicates in the Report that the petition in this action could be construed as either (1) a petition to vacate, correct, or set aside petitioner's sentence under § 2255; (2) a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241; or (3) a petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651.

Analyzing this case under each of the above referenced statutes yields the conclusion that the petition should be dismissed. To the extent the pleading can be construed as a § 2255 motion, as noted above, the petitioner has already filed one

unsuccessful § 2255 action in this court. That action was dismissed and the dismissal was affirmed after several attempts at appeal by the petitioner. As noted by the Magistrate Judge, the petitioner has not secured the permission to the United States Court of Appeals for the Fourth Circuit to file a second or successive petition.

In his objection memorandum, petitioner points out that he has, at times, been housed at the Special Housing Unit (SHU) at the Federal Correctional Institution at Butner, North Carolina; that the library at Butner was out of service from October 2007 until June 2008; and that he has undergone several surgeries while incarcerated. These objections all miss the mark. They might relate to why the petitioner did not file something in a timely fashion, but they in no way address the central facts upon which the Magistrate Judge's Report is based: petitioner has already filed one § 2255 action and the petition in this case is therefore successive.

To the extent the action can be considered one as a motion for habeas corpus under § 2241, the Magistrate Judge correctly points out that such actions must be filed in the district where the petitioner is confined.

To the extent the claim can be asserted as one for a writ of error coram nobis under § 1651, the Magistrate Judge suggests that such a remedy is not available because the petitioner remains incarcerated on the challenged sentence and has failed to establish that § 2255 is ineffective and inadequate to test the legality of his detention. The petitioner has failed to object to the Magistrate Judge's recommendation as to these last two claims.

The court is thus left with the firm conviction that this action should be dismissed as recommended by the Magistrate Judge. The Report is incorporated herein by reference, the petitioner's objections are all overruled, and this action is dismissed without prejudice and without issuance and service of process upon the respondent.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

October 31, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).